# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00837-JVS-JC | Date | March 7, 2019 |
|---|---|---|---|
| Title | Leonardo A. Diones v. Superior Court of California | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| None | None | |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED

On February 4, 2019, petitioner Leonardo A. Diones, a prisoner in state custody who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") with attachments ("Petition Attachments").[1] The Petition, construed liberally, appears to challenge a judgment in Los Angeles County Superior Court Case No. YA092684. The Petition is deficient in multiple respects.

First, the Petition improperly names the Superior Court of California as the respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent). The appropriate respondent is petitioner's immediate custodian (i.e., the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Second, the Petition does not specify all the grounds for relief available to petitioner, nor state facts supporting each ground as required. See Rule 2(c) of the Habeas Rules. Instead, it recites multiple California Penal Code provisions and appears to suggest that such provisions have been violated in some fashion, without explaining how any such violations impact the judgment in issue. To the extent petitioner intends to state other claims in the Petition Attachments, this is insufficient. A petition itself must specify all grounds for relief and state facts supporting each ground. Although a petition for writ of habeas corpus may be accompanied by a supporting memorandum of points and authorities, the

///
///

---

[1] The Petition appears to have been signed on January 28, 2019, was in an envelope postmarked January 30, 2019, and was received and lodged by the Clerk on February 1, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00837-JVS-JC | Date | March 7, 2019 |
|---|---|---|---|
| Title | Leonardo A. Diones v. Superior Court of California | | |

arguments therein should correspond to the claims listed in the habeas petition form and should not include any additional claims. **Accordingly, to the extent petitioner intends to claim, for example, that (1) he did not plead guilty to an assault with a deadly weapon charge and that state court documents which suggest otherwise are inaccurate; (2) he did not knowingly, intelligently and voluntarily plead guilty to an assault with a deadly weapon charge; and/or (3) his trial counsel was ineffective relative to his guilty plea, he must so state in the Petition itself.**

Third, pursuant to 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. Here, none of petitioner's claims are framed as federal constitutional claims. Thus, although it may be possible for petitioner to frame his claims as federal constitutional claims, they are not cognizable as currently framed.

Finally, the Petition is not accompanied by either the $5.00 filing fee or a completed and signed/verified request to proceed in forma pauperis accompanied by the requisite certified copy of petitioner's inmate trust account statement reflecting his account activity for the past six (6) months. See Rule 3 of the Habeas Rules; Local Rule 5-2.

In light of the foregoing, petitioner is ordered by not later than **March 27, 2019,** to show cause why the Petition should not be dismissed based upon the above-referenced deficiencies. Petitioner's (1) filing of a first amended petition for writ of habeas corpus which cures such deficiencies by such date; and (2) payment of the filing fee or filing of a complete and signed/verified request to proceed in forma pauperis with the requisite certified copy of petitioner's inmate trust account statement reflecting his account activity for the past six (6) months by such date, will be a sufficient response to this Order to Show Cause.[2] The Clerk is directed to provide petitioner with the attached blank current Central District habeas petition and request to proceed in forma pauperis forms for petitioner's use in the event he chooses to file a first amended petition and a properly supported request to proceed in forma pauperis. Alternatively, in the event petitioner elects not to proceed with this action, he may expedite matters by signing and returning the attached Notice of Dismissal which the Clerk is also directed to provide to petitioner. However, petitioner is advised that any dismissed claims may later be subject to dismissal as time-barred under 28 U.S.C. § 2244(d)(1).

///
///
///
///
///
///

---

[2] Any first amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely, without cross-reference to the original Petition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00837-JVS-JC | Date | March 7, 2019 |
|---|---|---|---|
| Title | Leonardo A. Diones v. Superior Court of California | | |

**Petitioner is cautioned that the failure timely to respond to this Order to Show Cause or to show cause may result in the dismissal of the Petition based upon the above-referenced deficiencies and/or the dismissal of this action based on petitioner's violation of this Order to Show Cause and/or petitioner's failure to prosecute.**

IT IS SO ORDERED.[3]

Attachments

---

[3] The Court's orders herein constitute non-dispositive rulings on pretrial matters. To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days. See Local Rule 72-2.1. To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days. A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.